George Bruce BRONN, Appellant,

v.

The CITY OF TULSA, Oklahoma, a Municipal Corporation, Appellee.

No. M–92–324.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1992.

As corrected Sept. 21, 1992.

---

## ACCELERATED DOCKET ORDER

Appellant raises an issue of first impression: whether refusal to take a breath test can be used as evidence of guilt under the Oklahoma Implied Consent law (47 O.S. § 751, *et seq.*) when the person arrested for DUI refuses to take the breath test but agrees to a blood test which is refused by the arresting officer.

This appeal from the City of Tulsa Municipal Court, Case No. 568342 was assigned automatically to the Accelerated Docket of this Court. Rule 11.2(a)(1) *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1990, Ch. 18, App. While it is the practice of the Court to resolve matters assigned to the Accelerated Docket by unpublished order, we find this issue of first impression warrants publication.

At approximately 1:20 a.m. March 3, 1990, Tulsa Police Officer Coleman stopped Appellant for suspected DUI in the 900 block of south Mingo Rd. Prior to the arrest, Coleman saw the appellant swerve on to the shoulder of the road four times, and cross the center line once. Coleman testified that when he approached Appellant's car and Appellant rolled down the window, he smelled the odor of "alcoholic beverage". The appellant stumbled as he got out of the car and as he walked a short way on smooth asphalt pavement, his speech was slurred and his eyes bloodshot.

Coleman read him the Oklahoma Informed Consent law from a printed card and Appellant refused to take a breath test. Coleman asked him to take a breath test two more times. Each time Appellant refused. The Tulsa Police Department has designated the breath test as the standard test to be taken by persons arrested for DUI. Officer Coleman testified the appellant did not offer to take a blood test instead of the breath test.

Appellant conceded he refused the breath test. He testified he offered to take a blood test but the officer would not let him. He denied being read the Implied Consent law.

Appellant frames the issue by arguing the trial court erred by refusing his requested instruction which stated a person arrested for DUI has the "option" to take either a breath or blood test for the determination of the percentage of alcohol thereof.

The controlling statutory language of 47 O.S. § 751 provides:

(1) Any driver shall be deemed to have given consent to a test or tests of his blood or breath for the purpose of determining the alcohol concentration thereof. Section 751(A).

(2) The law enforcement agency by which the arresting officer is employed may designate ... whether blood or breath is to be tested. Section 751(B).

(3) If no designation is made, breath shall be tested. Section 751(B).

(4) Blood may also be tested in the event breath cannot be tested. Section 751(B).

(5) In addition to any test designated by the arresting officer, the arrested person may also designate any additional test to be administered to determine alcohol concentration. Section 751(E).

We need not construe the meaning of this statute, for it states in plain language the law enforcement agency may specify which test is to be used, and that *in addition* to that test, the arrested person may have another test. In the present case the Tulsa Police Department had designated the breath test. The appellant's ability to have an optional blood test was therefore conditioned on his taking the designated breath test.

Finding no error, we AFFIRM the judgment and sentence.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge,

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge,
dissents

/s/ Ed Parks
ED PARKS,
Judge,
recused

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge.